CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar No. 14853

ALLISON J. CHEUNG, CSBN 244651
Special Assistant United States Attorney
160 Spear Street, Suite 800
San Francisco, California 94105
Telephone: (510) 970-4811
Facsimile: (415) 744-0134
E-Mail: allison.cheung@ssa.gov

Attorneys for Defendant

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| BETTY JACKSON, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> KILOLO KIJAKAZI, ) </br> Acting Commissioner of Social Security,[1] ) </br> ) </br> Defendant. ) </br> ) | Case No.: 2:20-cv-02236-WGC </br></br> **ORDER GRANTING MOTION TO BE RELIEVED OF PROVIDING PAPER AND CD COPIES OF THE CERTIFIED ADMINISTRATIVE RECORD** |

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**MOTION**

Pursuant to Local Rule IA 1-4, Defendant, the Acting Commissioner of Social Security (Defendant or Commissioner), respectfully moves for an order to change, dispense with, or waive the requirement per Local Rule IC 2-2(g) that the Commissioner provide the Court with a paper copy of any document over 50 pages in length. Specifically, the Commissioner requests that she be relieved of providing a paper copy of the certified administrative record (CAR) required to be filed with Defendant's answer pursuant to 42 U.S.C. § 405(g). Defendant further requests that she be relieved of providing a copy of the CAR on a compact disc ("CD"). This motion is based on the following memorandum of points and authorities, along with the papers and pleadings on file.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   INRODUCTION

Local Rule IC 2-2(g) requires that a party "provide to chambers a paper copy of all electronically filed documents that exceed 50 pages in length, including exhibits or attachments." In Social Security disability cases, the application of this rule means that a paper/hard copy of CAR must be submitted to the presiding judge's chambers, as CARs will almost always exceed 50 pages in length. Pre-COVID scheduling orders in Social Security disability cases also typically required that Defendant submit a both a paper copy and an electronic copy of the CAR, under seal, to the Court. In addition, Defendant provided the Court with a copy of the CAR on a CD in each case.

As will be explained in more detail below, due to the COVID-19 pandemic, the Social Security Administration has been unable to prepare certified paper and CD copies of the CAR for courts of this district. Defendant hereby requests that this Court change, dispense with, or waive the requirement that Defendant provide the Court with a paper and CD copy of the CAR. In addition, Defendant will file an electronic copy of the CAR (e-CAR) under seal using an event in CM/ECF that will be accessible to all case participants, including counsel of record.[2]

---

[2] While Defendant has previously requested permission from the court to file the e-CAR under seal, Fed. R. Civ. P. 5.2(c) provides that electronic access to the court's docket is authorized for parties and their attorneys of record. In addition, Local Rule IA 10-5 allows for sealed filings when "permitted by statute,

## II.     ARGUMENT

### A.     Local Rule IA 1-4

L.R. IA 1-4 provides that "[t]he court may sua sponte or on motion change, dispense with, or waive any of [the local rules] if the interests of justice so require." This rule has been applied to, for example, waive the requirements of L.R. IA 10-3(e), which required that the cover page of each exhibit include a description of the exhibit. *Gant v. Williams*, No. 2:16-cv-00528-JAC-NJK, 2017 WL 2974945, at *1 (respondents argued that adding descriptors to the cover page of each exhibit was unduly burdensome given the large number of exhibits in the case).

### B.     This Court Should Find under Local Rule IA 1-4 That the Interests of Justice Are Served By Waiving the Requirement that Defendant Provide a Paper and CD Copy of the CAR to the Court.

Defendant, the Acting Commissioner of Social Security, by her undersigned attorneys, provides notice to the Court and Plaintiff that an electronic copy of the CAR has been prepared and can now be filed in this matter. However, at this time, employees of the Social Security Administration's Office of Appellate Operations (OAO)—which is responsible for the preparation of CARs for the agency—remain subject to the agency-wide evacuation order due to the COVID-19 pandemic. *See* 5 C.F.R. § 550.409 (permitting agencies to order employees to evacuate their worksite and work from home during a pandemic health crisis). As a result, OAO is limited on the number of staff permitted to physically enter the office to perform onsite work; the majority of the work is performed via telework. *See id.* The few employees permitted to occasionally report to OAO's physical work site in Falls Church, Virginia are currently limited to reporting on a rotational basis to perform a number of OAO's most vital duties, such as converting paper claim files to electronic format, physically searching for missing paper claims files, processing mail, and completing urgent business that cannot be handled remotely.[3] Given the limited staff and overall volume

---

rule, or prior court order." As such, Defendant is not required to seek permission from the court to file the e-CAR under seal, and the Clerk's Office has changed the sealing instructions in CM/ECF to now reflect that such filings are permitted consistent with L.R. IA 10-5. Defendant therefore intends to file the e-CAR under sealed using the "Certified Administrative Record" event in CM/ECF, which the Court and all counsel of record will have access to.

[3] *See generally* Social Security Administration's COVID-19 Workplace Safety Plan, *available at* https://www.ssa.gov/coronavirus/assets/materials/ssa-covid-19-workplace-safety-plan.pdf, p.1: *Telework*

of cases, OAO is unable to provide paper and CD copies of the CAR—which this Court typically requires. At this time, OAO does not have a timeframe for when staff will be able to return to the office on a more regular basis.

Pursuant to Local Rule IA 1-4 and in the interests of justice, the Commissioner hereby requests that she be relieved of the requirement of providing a paper and CD copy of the CAR for the Court. The Commissioner will file the e-CAR under seal such that the Court and counsel of record can access the CAR through CM/ECF. This will allow for the case to move forward without delay.

## CONCLUSION

Despite diligent efforts to ameliorate the impacts of the pandemic, it continues to impact the Commissioner's ability to process SSA disability appeal cases, including the ability to prepare paper and CD copies of CARs. The Court should exercise its discretion by waiving the requirement to provide the Court with a paper and CD copy of the CAR.

Dated: September 14, 2021

Respectfully submitted,

CHRISTOPHER CHIOU
Acting United States Attorney

/s/ *Allison J. Cheung*
ALLISON J. CHEUNG
Special Assistant United States Attorney

IT IS SO ORDERED:

*William G. Cobb*
UNITED STATES MAGISTRATE JUDGE

DATED: September 14, 2021

---

*and Remote Work* ("We have maximized telework and are performing all portable work remotely. . . . We have a small number of employees and managers working in offices to handle workloads that must be done in the offices, such as managing facilities and security, information technology, limited appointments for critical issues."), p.5: *Occupancy* ("SSA offices remain closed to all individuals except those approved by management including both employees and a limited number of visitors with scheduled appointments.").